**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERT CAROLEI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:11-CV-2811-L (BH)** |
| | § | |
| **TEXAS MESQUITE CONNECTION and CHARLES BARRINGER,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | **Referred Motion** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**

Pursuant to the order of reference dated March 6, 2012, before the Court is *Defendants[‘] Motion to Transfer Venue Pursuant to 28 USC § 1404*, filed January 10, 2012 (doc. 4). Based on the relevant filings and applicable law, the motion should be **GRANTED.**

## I. BACKGROUND

Plaintiff Robert Carolei (Plaintiff) is a former employee of Defendant Texas Mesquite Connection and its owner, Defendant Charles Barringer (collectively Defendants). (Compl. at 2.) While at work on or about April 10, 2010, Plaintiff suffered an injury that resulted in the loss of three fingers on his dominant hand. *Id.* at 3. He contends that the injury resulted from Defendants' creation and use of a log splitter that did not meet safety standards, their failure to properly train and supervise him, and their conduct and creation of an unsafe work environment. *Id.* at 2-3. Plaintiff asserts causes of action for negligence and gross negligence and seeks monetary damages. *Id.* at 7-8.

Conceding that venue is proper in the Northern District of Texas, Defendants move to transfer this action from the Dallas Division to the Abilene Division pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties. (Mot. at 1.) Their one-page motion relies on the allegations in the complaint that Plaintiff is a resident of the State of Michigan, that the employer's principal place

of business and the owner's residence are both located in Throckmorton County, and that the accident and injuries giving rise to this action all occurred in Throckmorton County. *Id.*; *see also* Compl. at 1-2. Throckmorton County is in the Abilene Division. *Id.* (citing 28 U.S.C. § 124(a)(3)). Defendants contend that the only nexus to the Dallas Division is Plaintiff's counsel's residence. *Id.* Plaintiff responds that his counsel maintains an office in Dallas but lives in the State of Oklahoma, and that he chose the Dallas Division because of its large airport[1] and convenience, the availability of qualified medical care providers if needed, and his fear for his personal safety in Throckmorton County. (Resp. at 3.)

## II. ANALYSIS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Courts have broad discretion under § 1404(a) in deciding whether to order a transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir.2008) (en banc) ("*Volkswagen II*").[2] The preliminary inquiry is "whether a civil action 'might have been brought' in the destination venue." *Id.* at 512. If so, exercise of the court's broad discretion is then guided by reference to both private- and public-interest factors. 545 F.3d at 315. The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all

[1]To the extent that DFW International Airport is the "large airport" to which Plaintiff refers, it is actually located in Tarrant County, which lies within the Fort Worth Division of the Northern District of Texas. *See* 28 U.S.C. § 124(a)(2).

[2]Courts also have broad discretion in deciding whether to transfer a civil action from a division in which it is pending to any other division in the same district under § 1404(b). *Sundell v. Cisco Systems Inc.*, 111 F.3d 892 (table), 1997 WL 156824, at * 1 (5th Cir. Mar. 20, 1997) (per curiam).

other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* (internal quotation marks, citations, and alterations omitted).[3] This list of factors is neither exhaustive or exclusive, and no one factor is dispositive. *Id.* The burden is on the party seeking transfer to show "good cause" for the transfer. *Id.*

Here, Plaintiff's complaint alleges that all of the events giving rise to this lawsuit occurred in the Abilene Division of the Northern District of Texas. It is undisputed that no events took place in the Dallas Division, and that Plaintiff's claims could have been filed in the Abilene Division. Turning to the private interest factors, then, Defendants built and used the log-splitter at issue in the Abilene Division, and Plaintiff's injury while using the log-splitter occurred there. "Ordinarily, there is a preference to try an action whether the alleged wrong or injury occurred." *IBEW-NECA Southwestern Health & Benefit Fund v. Purchasing Serv., Inc.*, 3:05-CV-794-L, 2006 WL 305772, at * 3 (N.D. Tex. Feb. 9, 2006) (Lindsay, J.). No party contends that any proof is located in the Dallas Division. The first factor, "relative ease of access to sources of proof," therefore weighs in favor of transfer. As for the second and third private interest factors, neither Defendants nor

[3]One district court in this circuit has questioned whether the § 1404(a) factors apply to intradistrict transfers, *see Williams v. City of Cleveland*,__F. Supp.2d__, 2012 WL 245228, at *6–7 (N.D. Miss. Jan. 25, 2012), but the Fifth Circuit has not yet ruled on this issue. *In re Marquette Transp. Co. Gulf-Inland, LLC*, No. H-12-623, 2012 WL 2375981,*1 n. 1 (S.D. Tex. June 21, 2012) (applying traditional § 1404(a) factors to intradistrict transfers). This court has previously applied the § 1404(a) factors in this context. *See Avdeef v. Rockline Industries, Inc.*, No. 3:08-CV-2157-L, 2009 WL 3424671 (N.D.Tex. Oct. 23, 2009) (Lindsay, J.)*; Canine Caviar Pet Foods, Inc. v. Pied Piper Pet & Wildlife, Inc.*, No. 3:09-CV-677-L, 2009 WL 2568206 (N.D. Tex. Aug. 19, 2009) (Lindsay, J.)*; IBEW-NECA Southwestern Health & Benefit Fund v. Purchasing Serv., Inc.*, 3:05-CV-794-L, 2006 WL 305772 (N.D. Tex. Feb. 9, 2006) (Lindsay, J.); *see also Choice Hotels Int'l Inc. v. J. Bhagwanji, Inc.*, No. 4:11–CV–03768, 2011 WL 6959948, at *1 & n.14 (S.D.Tex. Dec. 30, 2011) (also applying § 1404(a) factors to intradistrict transfers).

Plaintiff address the need to secure the attendance of any witnesses through compulsory process or the attendance of witnesses.[4] These factors are therefore neutral. Finally, as for any other practical problems, Plaintiff notes that its counsel maintains an office in Dallas. The location of counsel is irrelevant to the determination of whether a transfer is appropriate, however. *Canine*, at * 5 (*citing In Re Horsehoe Entm't*, 337 F.3d at 429, 434 (5th Cir. 2004)).

As for the public interest factors, Defendants have not provided any information regarding administrative difficulties in either division, so this factor is neutral. *See Canine Caviar Pet Foods*, 2009 WL 2568206 at * 5. Courts have noted, however, that "'[i]t is not a prudent use of judicial resources for [a c]ourt to resolve a dispute that has no connection to this forum.'" *In re Marquette Transp. Co. Gulf-Inland, LLC*, No. H-12-623, 2012 WL 2375981,*2 (S.D.Tex. June 21, 2012) (*quoting Choice Hotels Int'l Inc. v. J. Bhagwanji, Inc.*, No. 4:11–cv–03768, 2011 WL 6959948, at *3 (S.D.Tex. Dec. 30, 2011)). Because the requested transfer is to another division within the same district, the same law applies. Accordingly, there is no conflict of laws or issue with forum familiarity with governing law, and the second and third public interest factors are likewise neutral. *Id.* at 6. As for the local interest factor, it is undisputed that all events surrounding Plaintiff's injury occurred in the Abilene Division. As noted, the customized log-splitter was made and used in the Abilene Division. The residents of the Abilene Division therefore have a greater interest in this lawsuit than Dallas residents, and this factor therefore weighs in favor of transfer to that division.

Plaintiff mainly argues that his choice of venue should be given substantial weight. "A plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party." *Canine Caviar Pet Foods, Inc. v. Pied*

[4]Notably, any non-party witnesses from Abilene, such as Defendants' employees or emergency medical providers, would be outside of this division's 100-mile radius subpoena power. *See Canine Caviar Pet Foods*, 2009 WL 2568206 at * 3-4.

*Piper Pet & Wildlife, Inc.*, No. 3:09-CV-677-L, 2009 WL 2568206, at *2 (N.D. Tex. Aug. 19, 2009) (Lindsay, J.). This choice is not entitled to "decisive weight", however. *Id.* In fact, "when a plaintiff is not a resident of the chosen forum, or when the operative facts did not occur in the chosen forum, a court gives less deference to a plaintiff's choice." *Rimkus Consulting Grp., Inc. v. Balentine,* 693 F.Supp.2d 681, 690–91 (S.D.Tex.2010) (collecting cases). Because Plaintiff is not a resident of this division, and none of the operative facts occurred here, his choice of forum is given less weight.

Plaintiff also contends, in very conclusory fashion, that it would be easier, cheaper and more convenient for him to travel to Dallas than to Abilene, that medical providers are available, and that he would not feel safe in Abilene because Defendant Barringer twice threatened him while he was an employee in 2010. He provides no specific evidence or argument to support his claims that it would be easier or cheaper to fly to Dallas, such as evidence of the additional burden or costs that he will incur by having to take a connecting flight from the DFW airport to Abilene. He has not stated specifically that he needs medical care that is only available in Dallas and not in Abilene, only that medical providers are available. Finally, Plaintiff's claim of fear for his personal safety is based on two "threats" made in 2010 while he worked for Defendants, but he apparently continued to work there afterwards. Plaintiff's arguments do not tip the balance of the factors in his favor.

After considering the private and public interest factors, the Court finds that the applicable factors weigh strongly in favor of transfer of this case to the Abilene Division. There is no connection between this division and the division to which transfer is sought. Defendants have met their burden to show that transfer of this case to the Abilene Division is more convenient and warranted.

## III. RECOMMENDATION

Defendants' motion should be granted, and this action should be transferred to the Abilene Division.

**SO RECOMMENDED** on this 6th day of August, 2012.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE